# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPERRY, | CASE NO. 1:10-cv-00149-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES T. YATES, et al., | (Doc. 15) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Introduction

Plaintiff Michael Sperry is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed this action in the Northern District of California on December 22, 2009. On January 28, 2010, the case was transferred to the Eastern District of California. Plaintiff was housed at High Desert State Prison ("High Desert") at the time the events in the complaint originally occurred. He is currently housed at Pleasant Valley State Prison ("Pleasant Valley"). Currently before the Court is Plaintiff's first amended complaint, filed November 4, 2010. (Doc. 15.) For the reasons set forth below, the Court finds Plaintiff's complaint fails to state a cognizable claim.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(a)(1). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a compliant must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

### III.    Plaintiff's Eighth Amendment Claim

Plaintiff brings this suit for a violation of his rights under the Eighth Amendment of the United States Constitution. Plaintiff alleges that on August 31, 2008, while incarcerated at High Desert State Prison ("HDSP"), he fell and broke his wrist. After Plaintiff was seen by a specialist in Reno, x-rays revealed a bone fracture, and he was informed that surgery was needed. His wrist was placed in a cast and he was sent transported back to HDSP. (Doc. 15, Amend. Comp., § IV.) Plaintiff alleges that he did not receive surgery while he was housed at HDSP, however, since venue for these events does not lie in this Court, these claims will not be detailed in this order.

On October 1, 2009, Plaintiff was transferred to Pleasant Valley State Prison ("PVSP"), where Defendant James T. Yates was warden. (Id., p. 5:24-25.) Plaintiff alleges that Defendant Yates and his medical staff were aware of the course of treatment chosen by HDSP and were deliberately indifferent to his medical needs, causing a loss of function to his left wrist. (Id., p. 5:26-

6:5.) On August 9, 2010, Plaintiff received surgery at Tehachapi Surgery Center. (Id., p. 6:11-13.)

Plaintiff brings this action naming Defendants Yates and Defendants Swingle, Nepomuceno and Medina all employed at HDSP. He is seeking $1,400,000. in damages. For the reasons set forth below, the Court finds Plaintiff's complaint fails to state a cognizable claim against Defendant Yates.

## IV.     Discussion

### A.     Legal Standards

#### 1.     Eighth Amendment Medical Care

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See

1 Monell v. Department of Social Services, 436 U.S. 658 (1978).

2 Plaintiff has not alleged facts demonstrating that Defendant Yates was actually aware of any medical need or personally acted to violate his constitutional rights.  Plaintiff states that Defendant Yates was deliberately indifferent because he failed to act,  however, Plaintiff fails to offer more than mere conclusory statements that Defendant Yates and his staff were aware of his medical need. Defendant Yates cannot be held liable under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948. Therefore, Plaintiff fails to state a claim against Defendant Yates.

### 2.  Venue

Venue for Plaintiff's claims arising out of events at PVSP is proper here.  However, venue for Plaintiff's claims arising out of events at HDSP is not proper in this district and may not be pursued in this action.  28 U.S.C. § 1391(b).  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (Court may raise defective venue sua sponte); see also Coleman v. Quaker Oats, 232 F.3d 1271, 1297 (9th Cir. 2000) (Courts have broad discretion regarding severance); Tarkington v. Woodford, 372 Fed.Appx.752, 753 (9th Cir. 2010).  In his amended complaint, Plaintiff should omit his claims for relief against staff at HDSP.  If Plaintiff wishes to pursue those claims, he may file a new action in the Northern District of California naming HDSP Defendants.

## V.  Conclusion and Order

Plaintiff's complaint does not state a cognizable claim for relief for violation of his constitutional rights against Defendant Yates.  Plaintiff is granted one final opportunity to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed November 4, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint naming only defendants at PVSP; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim. IT IS SO ORDERED.

Dated:  November 10, 2010

UNITED STATES MAGISTRATE JUDGE

5