# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPERRY, | CASE NO. 1:10-cv-00149-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES T. YATES, et al., | (Doc. 19) |
| Defendants. | ORDER COUNTING DISMISSAL AS A STRIKE UNDER SECTION 1915(G) |

**I.   Screening Requirement**

Plaintiff Michael Sperry is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed this action in the Northern District of California on December 22, 2009. On January 28, 2010, the case was transferred to the Eastern District of California. Currently before the Court is Plaintiff's second amended complaint, filed January 6, 2011. (Doc. 16.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(a)(1). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a compliant must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is housed at Pleasant Valley State Prison ("PVSP"). On August 31, 2008, while incarcerated at High Desert State Prison ("HDSP"), Plaintiff fell and broke his wrist. After Plaintiff was seen by a specialist in Reno, x-rays revealed a bone fracture, and he was informed that surgery was needed. (Doc. 19, Second Amend. Comp., § IV.)

On October 1, 2009, Plaintiff was transferred from HDSP to PVSP. (Id., p. 4:24-25.) On August 9, 2010, Plaintiff received surgery at Tehachapi Surgery Center. (Id., p. 4:27-28.) Plaintiff alleges that Defendant James Yates failed to respond to a "systemic health problem which Plaintiff had since August 31, 2008, and he participated in the extreme delay in Plaintiff receiving surgery when medical staff was "fully cognizant that a health problem existed." (Id., p. 5:12-20.)

Plaintiff asserts that Defendant F. Igbinoza had to be aware of Plaintiff's serious medical need for surgery and did nothing for nine months. (Id., p. 5:27-6:2.) Additionally, Plaintiff submitted numerous requests for medical appointments that were received and ignored by three unnamed defendants who were responsible for receiving, documenting and scheduling emergency

health care. (Id., p. 6:6-10.) Plaintiff will never regain full use of his left wrist. (Id., p. 6:13-14.) Plaintiff brings this action naming Defendants Yates, Igbinoza, Lewis and Does 1-5 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. He is seeking $1,400,000. in damages against each Defendant.

While Plaintiff alleges that he had a need for surgery and officials at HDSP were aware that he was in pain and had a serious medical need, the facts alleged fail to establish that any named defendant at PVSP was aware of Plaintiff's serious medical need and failed to act in response. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff claims that Defendant Igbinoza had to know of his need for surgery. Plaintiff also asserts that Defendant Yates failed to respond when medical staff were aware of his need for surgery. However, the complaint fails to allege any facts to show how either Yates or Igbinoza would be aware of Plaintiff's need for surgery. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Once again Plaintiff has failed to offer more than mere conclusory statements officials were aware of his medical needs.

A claim of deliberate indifference requires that Plaintiff show at least that the prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists." (Farmer, 511 U.S. at 837.) As alleged the complaint merely shows a nine month delay in providing surgery after Plaintiff was transferred to PVSP. This does not state a claim for deliberate indifference in violation of the Eighth Amendment, and Plaintiff's statements that Defendants had to be aware of his medical needs is insufficient to state a cognizable claim.

Plaintiff also alleges that he submitted requests for medical appointments that were ignored by unnamed defendants. Plaintiff does not allege that he informed any defendant at PVSP that he was experiencing pain or had a serious need for medical care. The allegation that he submitted numerous medical requests is insufficient to show that these unnamed defendants were aware that Plaintiff had a serious medical need.

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if

1  it appears at all possible that the plaintiff can correct the defect," <u>Lopez v. Smith</u>, 203 F.3d 1122,
2  1130 (9th Cir. 2000) (internal citations omitted).  However, in this action Plaintiff has been granted
3  two opportunities to amend the complaint, with guidance by the Court.  Plaintiff has now filed three
4  complaints without alleging facts against any of the defendants sufficient to state a claim under §
5  1983.  The Court finds that the deficiencies outlined above are not capable of being cured by
6  amendment, and therefore further leave to amend should not be granted.  28 U.S.C. §
7  1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

8     This action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim
9  under section 1983, and the Clerk's Office shall enter judgment.  This dismissal counts as a strike
10 under 28 U.S.C. § 1915(g).

11    IT IS SO ORDERED.

12 Dated:   January 14, 2011
13                                                                 UNITED STATES MAGISTRATE JUDGE

4