# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPERRY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YATES, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:10-cv-00149-GBC PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE APPEAL<br><br>(ECF No. 22)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF THIS ORDER ON NINTH CIRCUIT |

**ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Michael Sperry, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 22, 2009 in the Northern District of California.  (ECF No. 1.)  This action was then transferred to the Eastern District of California.  (ECF Nos. 6 & 7.)  Plaintiff's case was dismissed for failure to state any claims upon which relief may be granted and judgment was entered on January 14, 2011.  (ECF Nos. 20 & 21.)  On March 14, 2011, Plaintiff filed a notice of appeal, which also requested an extension of time, and appears to be asking this Court to reconsider its dismissal.[1]  (ECF No. 22.)

**II.   RECONSIDERATION**

---

[1] Plaintiff states that he desires to amend his complaint to state the claim more adequately.  (ECF No. 22, p. 2.)

    Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

    "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

    Here, Plaintiff merely states that he could present his claim better if given another opportunity. He does not offer any new or different facts or circumstances or any change in the controlling law. This Court gave Plaintiff several opportunities to state a claim. He filed three complaints each dismissed for failure to state a cognizable claim. Within the screening orders dismissing each complaint, Plaintiff received guidance from the Court as to the applicable legal standards. Plaintiff repeatedly failed to meet the legal standards and offers nothing new for this Court to reconsider in his motion.

    Thus, Plaintiff's request for reconsideration is DENIED.

### III.    <u>EXTENSION OF TIME</u>

    A notice of appeal must be filed within thirty days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). The Court may grant an extension of time to file an appeal if the motion seeking the extension is filed no later than thirty days after the thirty-day period in

1  Rule 4(a)(1) expires.  Fed. R. App. P. 4(a)(5)(i).

2      Plaintiff's motion was timely, and the Court finds that Plaintiff has shown excusable
3  neglect in failing to file a notice of appeal within thirty days from entry of judgment.[2]  Fed.
4  R. App. P. 4(a)(5)(A)(ii).

5  **IV.**    **CONCLUSION AND ORDER**

6      Accordingly, Plaintiff's request for reconsideration is HEREBY DENIED.  And,
7  Plaintiff's motion for an extension of time to file a notice of appeal is HEREBY GRANTED.
8  IT IS SO ORDERED.

9  Dated:  April 22, 2011
10                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is the only party in this action at this juncture and Plaintiff's notice and motion were brought within sixty days after entry of judgment. Mendez v. Knowles, 556 F.3d 757, 764-65 (9th Cir. 2009). Allowing Plaintiff a limited extension of time to appeal will not cause any additional prejudice or impact judicial proceedings. Id. Further, there is no indication from the record that the reason for the delay was within Plaintiff's reasonable control given he is incarcerated or that Plaintiff did not act in good faith. Id.

3